IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                                    ELKINS

**PATRICK L. BAUCUM,**

    **Petitioner,**

**v.**                                                                    **Civil Action No. 2:12-CV-4**
                                                                                                                      **(Bailey)**

**WARDEN KUMA J. DEBOO,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 25]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on May 25, 2012 [Doc. 25]. In that filing, the magistrate judge recommended that this Court (1) grant the Respondent's Motion to Dismiss or for Summary Judgment [Doc. 9], (2) deny and dismiss with prejudice the petitioner's section 2241 petition to the extent that the petitioner requests additional prior custody credit, and (3) deny and dismiss without prejudice the petitioner's section 2241 petition to the extent that the petitioner requests a *nunc pro tunc* designation [*Id.* at 9].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that service was accepted on May 31, 2012 [Doc. 26]. Petitioner timely filed his objections on June 6, 2012, [Doc. 27] and June 7, 2012, [Doc. 28].[1] Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

On December 21, 1992, in the District of Columbia Superior Court, the petitioner was charged with assault with intent to kill while armed, possession of a firearm during crime of violence, carrying a pistol without a license, and second degree murder while armed [Doc. 10-1 at 2]. On a federal drug charge, the petitioner was sentenced on March 1, 1994, by the United States District Court for the District of Columbia to a term of 151 months, which was later reduced to 121 months [*Id.*]. After receiving the sentence from the district court, the petitioner was returned to local authorities in the District of Columbia [*Id.*]. On March 16, 1996, the petitioner was sentenced by the District of Columbia Superior Court to a term of twenty years to life for the previously listed state charges [*Id.*]. The petitioner was awarded prior custody credit in the amount of 1,166 days [Doc. 10-1 at 2].

---

[1] As noted on the docket sheet for this proceeding, document number 27 and document number 28 are identical documents. As such, this Court will refer to only document number 27 hereinafter.

## II. Applicable Law

### A. Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 547 (2007). In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim" to survive a motion to dismiss for failure to state a claim. **Bass v. E.I. Dupont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003)(citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002)); *see also* **Iodice v. United States**, 289 F.3d 270, 281 (4th Cir. 2002). In so doing, the complaint must meet a "plausibility" standard such that the "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 663 (2009) (relying on **Twombly**, 550 U.S. at 556).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995)(*relying on* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357*)(*3d ed. 2004).

### B. Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See*

FED. R. CIV. P. 56. The Supreme Court of the United States and the Fourth Circuit Court of Appeals ("Fourth Circuit") have recognized the application of Rule 56 in habeas cases. See **Blackledge v. Allison**, 431 U.S. 63, 80-81 (1977); and **Maynard v. Dixon**, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

## C. Federal Sentence

A federal sentence of imprisonment generally commences "on the date the

4

defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." **United States v. Evans**, 159 F.3d 908, 911-12 (4th Cir. 1998) (citing **Barden v. Keohane**, 921 F.2d 476, 481-82 (3d Cir. 1990); and 18 U.S.C. § 3621(b)).

However, a federal sentence cannot begin prior to the date of imposition. **United States v. McLean**, 1989 WL 5457, *1 (4th Cir. Jan. 13, 1989)(*unpublished*). Furthermore, a defendant's sentence does not begin to run when he is present in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. *See* **Evans**, 159 F.3d at 912 (stating that the state "retains primary jurisdiction" over a prisoner in state custody who is present in federal court pursuant to such a writ); *see also* **Thomas v. Whalen**, 962 F.2d 358, 361 at n.3 (4th Cir. 1992)(stating that "[a] prisoner is not even in custody for purposes of [commencing a federal sentence] when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Bureau of Prisons is responsible for computing federal terms of imprisonment. *See* **Unites States v. Wilson**, 503 U.S. 329 (1992). Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the

sentence was imposed," provided that time has not been credited against another sentence. The Supreme Court of the United States has ruled that, with this language, "Congress made clear that a defendant could not receive a double credit for his detention time." **Wilson**, 503 U.S. at 337; see also **United States v. Brown**, 1992 WL 237275, *1 (4th Cir. Sept. 25, 1992) and **United States v. Goulden**, 1995 WL 298086 (4th Cir. May 17, 1995).

However, there is an exception to this rule where state and federal sentences run concurrently. See **Willis v. United States**, 438 F.2d 923 (5th Cir. 1971). Accordingly, under certain circumstances, a prisoner can be entitled to prior custody credit toward a federal sentence for the pre-sentence time in custody with regard to the federal offense; however, a defendant cannot receive credit for time spent serving his state sentence before his federal sentence was imposed. See **Willis**, 438 F.2d at 925.

D. *Nunc Pro Tunc* Request

As previously stated, a federal sentence of imprisonment generally commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). However, pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons is authorized to "designate the place of the prisoner's imprisonment," including a state facility. 18 U.S.C. § 3621(b). When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." **United States v. Evans**, 159 F.3d 908 (4th Cir. 1998) (citing **Barden**

6

*v. Keohane*, 921 F.2d 476, 481-82 (3d Cir. 1990) and 18 U.S.C. § 3621(b)). The Bureau of Prisons is authorized to make such a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b).

### E. Exhaustion of Administrative Remedies

Section 2241 petitions are subject to a judicially-imposed exhaustion of administrative remedies requirement. *See* **McCallister v. Haynes**, 2004 WL 3189469, *2 (N.D.W.Va. 2004) (citing 28 C.F.R. §§ 542.14-542.15 and **Moscato v. Federal Bureau of Prisons**, 98 F.3d 757, 760 (3d Cir. 1996)). A court has the discretion to waive that requirement in certain circumstances. *See e.g.*, **McCarthy v. Madigan**, 503 U.S. 140, 144 (1992); **Winck v. England**, 327 F.3d 1296, 1304 (11th Cir. 2003). However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. *See* **Alexander v. Hawk**, 159 F.3d 1321, 1327-28 (11th Cir. 1998).

The Bureau of Prisons has a four-step administrative remedy process, progressing from the BP-8 level to the BP-11 level. *See* 28 C.F.R. §§ 542.13-542.15. The first step is an attempted informal resolution. 28 C.F.R. § 542.13. If this does not provide the inmate with a satisfactory result, then the second step is to file a formal, written complaint on the BP-9 form within 20 days after the date of the incident of which the inmate is complaining. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the response from the warden at this level, then the third step is to complete a BP-10 appeal to the "appropriate Regional Direction within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15. In the event that the prisoner is not satisfied with the Regional Director's response, then the fourth step is to submit a BP-11 appeal to the "General Counsel within

30 calendar days of the date the Regional Director signed the response." *Id.* These deadlines may be extended where an inmate demonstrates a valid reason for delay as detailed in section 542.14(b). *Id.*[2] Outside the grant of such an extension, failure to timely complete all levels of the complaint process means that the prisoner has failed to exhaust his or her administrative remedies. *See* **Gibbs v. Bureau of Prison Office**, 986 F.Supp. 941, 943 (D. Md. 1997) (discussing the requirement to exhaust all administrative remedies under the PLRA).

### III. Discussion

#### A. Prior Custody Credit

The petitioner makes no objections to the portion of the R&R regarding prior custody credit [*See* Doc. 27]. Upon careful review of the report and recommendation, it is the opinion of this Court that this portion of the magistrate judge's Report and Recommendation **[Doc. 25]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.

#### B. *Nunc Pro Tunc* Designation

The petitioner states that he objects to all portions of the R&R pertaining to the *nunc*

---

[2]Section 542.14(b) provides the following:;
Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions . . . was delayed.
28 C.F.R. § 542.14(b).

*pro tunc* request [Doc. 27 at 1-3]. The petitioner specifically objects to the conclusion that he failed to exhaust his administrative remedies, stating that he has provided "clear evidence" to the contrary [*Id.*]. In addition, the petitioner contends that he "has provided facts to support his contention that he was in the exclusive custody of the . . . [United States Marshals Service and the Bureau of Prisons] on the basis of the federally [*sic*] imposed sentence at the time of his sentencing [on] March 1, 1994 . . ." [*Id.*].

In the R&R, the magistrate judge concluded that the documents submitted by the petitioner do not demonstrate that he exhausted his administrative remedies" [*Id.*]. In his objections, the petitioner objects to this finding, stating that he provided evidence of his exhaustion of administrative remedies [Doc. 27 at 2]. Attached to his Memorandum in Support of Petitioner's Reply to Respondent's Motion to Dismiss or For Summary Judgment and Response to Order to Show Cause, the petitioner submitted copies of documents pertaining to his administrative remedies [Doc. 20-1]. The petitioner included documentation of his informal complaint to staff [Doc. 20-1 at 1-3], the appeal of the Warden's response to his Administrative Remedy [*Id.* at 7-9, referring to the warden's decision], the appeal to the regional director [*Id.*], and the appeal to Office of General Counsel [*Id.* at 4-6]. Accordingly, this Court does not find that the petitioner failed to exhaust his administrative remedies with regard to his 2005 *nunc pro tunc* designation request.

However, this matter is not yet ripe for review by this Court because the Bureau of Prisons is currently considering the petition in this proceeding as another request for a *nunc pro tunc* designation [*See* Doc. 10-2]. Accordingly, this Court agrees with the portion of the magistrate judge's R&R that states the this Court "should defer to the expertise of the

[Bureau of Prisons] before entertaining any further consideration of Petitioner's request" based upon the evaluation of the petitioner's current *nunc pro tunc* request by the Bureau of Prisons [*See* Doc. 10-10 at 2; *see also* Doc. 25 at 9]. If the Bureau of Prisons decides to deny the petitioner's current *nunc pro tunc* designation request, the petitioner must first exhaust his administrative remedies with regard to this second determination before requesting relief from this Court. As such, this Court agrees with the magistrate judge's conclusion that the petition should be denied and dismissed without prejudice to the extent that it pertains to a *nunc pro tunc* designation.

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 25]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the Respondent's Motion to Dismiss or For Summary Judgment **[Doc. 9]** is **GRANTED**. In addition, petitioner's section 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED with prejudice** to the extent that it pertains to a request for additional prior custody credit and **DISMISSED without prejudice** to the extent that it pertains to the request for a *nunc pro tunc* designation. Furthermore, the petitioner's Objections **[Docs. 27 and 28]** are **OVERRULED**. Accordingly, this proceeding is hereby **DISMISSED** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** July 9, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE